**UNITED STATES of America, Appellee,**

v.

**Daniel MORIN, Appellant.**

**No. 90–5358ND.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1991.

Decided June 4, 1991.

**144**

Julie E. Erjavec, Grand Forks, N.D., for appellant.

Vicki J. Aldridge, Fargo, N.D., for appellee.

Before LAY, Chief Judge, and McMILLIAN and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

Daniel Morin challenges the District Court's upward departure from the applicable United States Sentencing Guidelines range. Morin pleaded guilty to two counts of abusive sexual contact with a seven-year-old victim, in violation of 18 U.S.C. §§ 1153, 2244(a)(1). The Court departed upward from the sentencing guidelines range of two to eight months of imprisonment, to impose a sentence of twelve months' confinement and three years' supervised release. We reverse and remand for resentencing.

The victim was Morin's seven-year-old niece, who was living with the defendant and his wife at the time of the abusive sexual contact. Morin admitted improper sexual contact on two separate occasions. A presentence report prepared by a probation officer suggested that the applicable sentencing range was a term of imprisonment from zero to six months. This range came from a base offense level of six, a two-level increase under U.S.S.G. § 3A1.1 for vulnerability of the victim, a two-level decrease for acceptance of responsibility, and a criminal history category of I.

At sentencing, the District Court added a two-level increase for abuse of a position of trust, U.S.S.G. § 3B1.3. This brought the total offense level to eight, carrying with it a range of two to eight months of imprisonment, and two to three years of supervised release. The District Court then departed upward to permit a sentence of twelve months' imprisonment—four months above the maximum guideline range. The Court believed the departure was authorized by U.S.S.G. §§ 5K2.2 and 5K2.3, because the victim was "a very young child of 7 years," and because "the victim has suffered extensively as a result of the abusive sexual contact." Memorandum of Sentencing Hearing and Report of Statement of Reasons, p. 3, Criminal No. C2–90–11–01 (D.N.D. June 29, 1990).

On appeal, Morin argues that an upward departure under §§ 5K2.2 and 5K2.3 was unwarranted. Section 5K2.2 allows a court to sentence above the authorized guideline range when "significant physical injury" resulted from a defendant's conduct. Similarly, § 5K2.3 allows a court to sentence above the authorized guideline range if a victim "suffered psychological injury much more serious than that normally resulting from commission of the offense...." Morin contends that the District Court had no evidence before it of any physical injury to his victim, and that there was no evidence of the kind of serious psychological injury necessary for a departure under § 5K2.3.

We review departures from the guidelines using three inquiries. First, we consider whether the circumstances relied on by the District Court are sufficiently unusual to justify departure. Second, we determine whether those circumstances are adequately supported by the record. Third, we consider whether the degree of departure is reasonable. *United States v. Crumb*, 902 F.2d 1337, 1339 (8th Cir.1990).

 

The question in this case is whether the circumstances of serious physical and psychological injury are adequately supported by the record.

The government does not contend that the victim in this case suffered physical injury. We consider, then, whether any extreme psychological injury supports an upward departure. U.S.S.G. § 5K2.3 states that psychological injury is sufficiently severe to sentence outside the guidelines range when, among other considerations, "there is a substantial impairment of the intellectual, psychological, emotional, or behavioral functioning of a victim," and "the impairment is likely to be of an extended or continuous duration...." The government does not argue strongly that the District Court had before it evidence of this type of psychological injury. Rather, the government urges that the sentence of the District Court be affirmed on the basis of a third reason it gave for departing from the applicable guidelines range—the victim's young age.

 The government points out that the guidelines in effect at the time of the abusive sexual contact did not properly take into account the aggravating circumstance that the victim was only seven years old. At the time of the defendant's conduct, U.S.S.G. § 2A3.4 (abusive sexual contact) provided the same base offense level regardless of the age of the victim. Section 2A3.4 has since been amended (effective November 1, 1989) to require an increase of either four or six levels over the base offense level if the victim was under twelve. The government argues that, although the new guideline is not to be applied retroactively, the amendment is an important indication that the previous guideline did not adequately address the seriousness of Morin's crime.

We agree that the young age of the victim is an adequate, sufficiently unusual circumstance to justify an upward departure from the guidelines in this case. Nonetheless, because the District Court gave other reasons for departing from the guidelines for which we cannot find adequate support in the record, we reverse and remand for resentencing based on the victim's youth alone. The District Court, on remand, may decide to lessen the defendant's sentence upon reconsideration of the evidence before it. It is not required to do so. An additional sentence of four months can be reasonably justified by the fact that the victim was only seven years old.

The judgment of the District Court is reversed and remanded for proceedings not inconsistent with this opinion.