UNITED STATES of America, Appellee,

v.

Lonnie Clayton FAWBUSH, Appellant.

No. 90–5496.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1991.

Decided Oct. 7, 1991.

Steven R. Smith, Chamberlain, S.D., for appellant.

Mikal Hanson, Asst. U.S. Atty., Pierre, S.D., for appellee.

Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and LARSON,* Senior District Judge.

HEANEY, Senior Circuit Judge.

Lonnie Clayton Fawbush appeals from his conviction for aggravated sexual abuse. We affirm his conviction but remand for resentencing.

## BACKGROUND

After he graduated from seminary school in North Dakota, the Assembly of God Church called Fawbush to a mission church in Lower Brule, South Dakota, where he moved with his wife and daughter in the summer of 1986. While living in the Lower Brule area, the Fawbushes provided day care for local children. In 1988, after two of the Fawbushes' wards complained of sexual abuse, Lonnie Fawbush was indicted on seven counts of aggravated sexual assault in violation of 18 U.S.C. §§ 13, 1152, 2241(c), 2243(a), and 2245. The two girls who complained that Fawbush sexually abused them were three and four years old.

In early 1989, a jury found Fawbush, age fifty-three, guilty of all seven counts, and the district court sentenced him to 265 months imprisonment. This court subsequently reversed Fawbush's conviction because the district court improperly admitted evidence that Fawbush had sexually abused his daughters nine years earlier. *United States v. Fawbush*, 900 F.2d 150, 152 (8th Cir.1990).

■ On retrial, another jury found Fawbush guilty of each of the seven counts charged in the indictment. The district court sentenced Fawbush to concurrent terms of 241 months imprisonment for each of the counts. Although Fawbush raises several issues on appeal, only his challenge of his guidelines sentence requires discussion.[1]

## FACTS

The district court calculated Fawbush's guidelines offense level to be 33 which translates into a guidelines range of 135 to 168 months. The court derived this range from the following calculus: section 2A3.1(a) of the guidelines provides a base offense level of 27 for criminal sexual abuse; subsection (b)(2)(A) of section 2A3.1 adds four levels if the victim of the abuse is under twelve years old, as is the case here; and section 3D1.4 requires a multiple-count adjustment, resulting in two additional levels. The court determined Fawbush's criminal history category to be I. A criminal history category of I and an offense level of 33 dictate a sentencing range of 135 to 168 months, a real-time sentence approaching fourteen years.

---

\* The Honorable Earl R. Larson, United States Senior District Judge for the District of Minnesota, sitting by designation.

1. In addition to contesting his sentence, Fawbush raises four evidentiary claims: first, whether the district court erred in excluding Fawbush's proffered evidence that another individual sexually abused one of the victims; second, whether the district court erred in allowing a physician to testify about statements made to aid medical treatment when the statements contained hearsay utterances that occurred more than one year before the medical examination; third, whether the district court erred in refusing to allow Fawbush to impeach the victims' parents because they had made monetary claims against Fawbush's church; and fourth, whether the district court erred in preventing a social services worker from attempting to impeach the testimony of a witness-doctor. After reviewing the briefs and record and entertaining oral argument, we do not believe that the district court committed reversible error in its evidentiary rulings. Similarly, we reject Fawbush's argument that the district court abused its discretion in empaneling the jury.

The district court departed upward from this range and imposed a 241–month sentence. The court provided six reasons for this departure. First, it cited the extreme psychological injury inflicted on the victims. Second, the court found that the guidelines did not take into consideration the extreme youth of the victims. Third, the court found that Fawbush abused his position of trust as an ordained minister in a respected church. Fourth, the court did not believe the guidelines accounted for the repetitive sexual abuse for which Fawbush was convicted. Fifth, because Fawbush's criminal history level did not reflect the incidents with his daughters, the court reasoned that an upward departure was justified. Finally, the trial court based its departure on the likelihood that Fawbush would commit similar crimes in the future. Fawbush argues that the district court inappropriately relied on the first, second, and fifth reasons to justify its upward departure.

## DISCUSSION

### I. *Psychological Injury*

■ Section 5K2.3 of the guidelines provides for upward departure where "a victim or victims suffered psychological injury much more serious than that normally resulting from commission of the offense." U.S.S.G. § 5K2.3 (1991). To support its reliance on this provision, the trial court explained that one of the victims "has been participating and continues to participate in individual group and family therapy," and that "through the probation officer's investigation of this type of crime over the last several years it has become a well-known fact that when the victim is of tender age ... the psychological impact is greater." Fawbush argues that these facts alone do not justify an upward departure. We agree.

■ The record contains no evidence that either victim suffered psychological harm greater than that normally resulting from sexual abuse. Similarly, the record does not indicate that the consultation of any psychologist or similar professional guided the court's decision to depart upward on the basis of section 5K2.3. In noting these facts, we remain cognizant of the sickening nature of Fawbush's crime. To justify an upward departure based on section 5K2.3, however, the psychological harm inflicted must be "much more serious" than that which normally results from the crime. With this in mind, we review the departure for greater than normal psychological harm according to a three-part test.

First, as a question of law, we determine whether the circumstances on which the district court based its decision to depart are sufficient to justify a departure. Second, we review whether the circumstances relied on actually exist. Whether the circumstances exist is a factual determination that can be set aside only for clear error. Finally, with deference to the district court, we review the reasonableness of the degree of departure.

*United States v. Sands,* 908 F.2d 304, 306 (8th Cir.1990) (citations omitted). In applying this test, this court has emphasized that "[t]he departure must be based on factual findings supported by the record." *Id.*

The district court's departure satisfies neither this latter criteria nor the first consideration of the three-part test. To support its decision to depart upward under section 5K2.3, the trial court offered two reasons: the counseling received by one of the victims and the opinion of the probation officer who prepared the presentence report. Neither of these considerations adequately demonstrate that the harm suffered here exceeded that normally endured by sexual abuse victims.[2] If extraordinary

---

2. If the district court had substantiated either of these reasons, our ruling might be different. As noted, however, the court merely stated that one of the victims "has been participating and continues to participate in individual group and family therapy" and that "it has become a well-known fact that when the victim is of tender age and is abused by someone who is expected to be trustworthy such as a baby sitter and/or pastor the psychological impact is significantly greater."

psychological harm occurred here, the government failed to document it; and without such proof, the court cannot depart under section 5K2.3. *See United States v. Morin*, 935 F.2d 143, 144–45 (8th Cir.1991) (record did not support finding that victim suffered greater than normal psychological injury; district court therefore could not depart upward under section 5K2.3); *see also United States v. Zamarripa*, 905 F.2d 337, 340–41 (10th Cir.1990) (government bears the burden of proof on an upward departure, and failed to meet this burden because the victim's "therapist was unable to state that the harm to the victim was greater than normal" and the presentence report "adds nothing to support a finding of unusual psychological injury...."); *cf. United States v. Ellis*, 935 F.2d 385, 396 n. 12 (1st Cir.1991) (upward departure for extreme psychological injury warranted where testimony of victim's counselor specifically supported such departure); *United States v. Pergola*, 930 F.2d 216, 219 (2d Cir.1991) (as result of defendant's offense, victim could not sleep, could not form close relationships, and lived in constant fear of being killed, thereby justifying upward departure pursuant to section 5K2.3).

## II. *Victims' Ages*

 Fawbush next argues that the trial court erred when it departed upward because of the victims' ages. We agree. A sentencing court may depart upward if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b) (1988). Accordingly, we apply an abuse-of-discretion standard to the district court's conclusion that the ages of the victims were not adequately taken into consideration by the Commission. *See United States v. Perkins*, 929 F.2d 436, 438 (8th Cir.1991). Here, the relevant provision of the guidelines already accounts for victims of young age. Because Fawbush's victims were under twelve years old, four points were added to his base offense level. These four points increased the sentencing range by three to four years. Given this dramatic increase, we hold that the guidelines adequately account for the ages of the victims in this case, and that the district court erred by further departing upward based on the victims' ages. *See United States v. Morin*, 935 F.2d 143, 145 (8th Cir.1991) (allowing upward departure based on victim's age where the applicable guidelines did not adequately account for this aggravating circumstance because the four-level enhancement to reflect the young age of the victim had not yet taken effect).

## III. *Other Claims*

 Fawbush finally claims that the court erred in citing the repetitive nature of Fawbush's acts, specifically the incidents involving his daughters, to justify an upward departure. According to Fawbush, these acts should have been used to calculate his criminal history, but not as a basis for departing upward. We disagree. The guidelines expressly permit upward departures where "prior similar adult criminal conduct not resulting in a criminal conviction" exists. U.S.S.G. § 4A1.3(e) (1991). While Fawbush argues that his conduct with his daughters should be reflected in his criminal history computation, the conduct cannot be so reflected, because he escaped conviction for that conduct. *See* U.S.S.G. § 4A1.2 (1991).

## CONCLUSION

 Because we find that the trial court relied on both proper and improper factors to depart upward, Fawbush's sentence must be vacated and the case remanded. *See, e.g., United States v. Morin*, 935 F.2d 143, 145 (8th Cir.1991) (where both permissible and impermissible reasons were given for upward departure, remand was required for resentencing based on permissible reason alone); *cf. United States v. Onwuemene*, 933 F.2d 650, 652 (8th Cir.1991) (because trial court articulated both permissible and impermissible reasons for sentencing defendant at top of guidelines range, sentence must be vacated

and case remanded for resentencing). We thus affirm Fawbush's conviction but remand his case to the trial court for resentencing consistent with this opinion. On remand, the district court can consider departing upward based upon the permissible reasons—Fawbush's abuse of his position of trust, the repetitive nature of Fawbush's assaults upon the young girls, the prior incidents involving Fawbush's abuse of his daughters, and the likelihood that Fawbush will commit similar crimes in the future—that it cited to support the sentence we have vacated.