UNITED STATES of America, Plaintiff,

v.

Duane Sever JOHNSON, Defendant.

No. CR. 3–92–12.

United States District Court,
D. Minnesota,
Third Division.

June 26, 1992.

Margaret T. Burns, Asst. U.S. Atty., Minneapolis, MN, for plaintiff.

Scott F. Tilsen, Asst. Federal Defender, Minneapolis, MN, for defendant.

## STATEMENT OF REASONS FOR IMPOSING SENTENCE

MAGNUSON, District Judge.

### I. Findings of Fact

The Probation Office has conducted an extensive presentence investigation (PSI) in this matter. Rule 32, Federal Rules of Criminal Procedure, 18 U.S.C. § 3553. The court adopts the amended PSI in its totality together with the addendum thereto.

### II. Purposes

Defendant pled guilty to Knowingly Engaging in Sexual Contact With a Female Under the Age of 12 in violation of 18 U.S.C. § 2244(a)(1). Defendant's conduct is particularly egregious due to the nature of the crime and the vulnerability of the victim. Therefore, a substantial term of incarceration is required. Such a sentence is necessary to serve as a punishment for the selfish crime defendant has committed and its very harmful effect on the young victim. Additionally, the court imposes sentence as a notice of deterrence to others that such conduct will not be tolerated.

### III. Application of the Guidelines

The court makes the following findings with respect to application of the guidelines. Using the applicable guidelines in effect when the offense was committed, the base offense level is 6. Defendant has manifested an acceptance of responsibility for the particular crime charged in the one count indictment and therefore the court allows a two point reduction for acceptance of responsibility. The resulting total offense-level is 4 points. Applying the guidelines to the facts, the court determines the resulting applicable guidelines to be as follows:

| | |
|---|---|
| Total Offense Level: | 4 |
| Criminal History Score: | I (0 points) |
| Guidelines Sentence: | 0 to 4 months |
| Supervised Release: | 2 to 3 years |
| Fine Range: | $250 to $2,500 |

### IV. Sentence

Imprisonment for 21 months

Supervised release of three years

Special assessment of $50

### V. Statement of Reasons

The court has departed upward substantially in this case. According to § 5K2.0, the court may impose sentence outside the guideline range if the court finds, pursuant to 18 U.S.C. § 3553(b), "that there exists an aggravating or mitigating circumstance of a kind or to a degree not adequately taken

**516**

into consideration by the Sentencing Commission in formulating the guidelines." The court has departed for several reasons. First, because of the vulnerability of the victim. The victim was age seven when the abuse against her began. In *United States v. Morin*, 935 F.2d 143, 145 (8th Cir.1991) the Eighth Circuit allowed upward departure based on victim's age where the applicable guidelines did not adequately account for this aggravating circumstance because the four-level enhancement to reflect the young age of the victim had not yet taken effect. Similar to *U.S. v. Morin*, the guidelines applicable to defendant's 1987 offense do not include a base offense level increase if the victim was under twelve. The victim in this case and in *U.S. v. Morin* was seven at the time the crime was committed. The guidelines have been subsequently amended to include such increase. The court therefore departs to reflect the vulnerability of the seven year old victim. Further, the victim here was unusually vulnerable because the defendant was an extended family member who abused his position of trust within the family. *See U.S. v. Fawbush*, 946 F.2d 584 (8th Cir.1991) where the Eighth Circuit allowed upward departure on the basis of abuse trust. The defendant was often left alone to care for the victim at the trust of other family members.[1] Defendant took advantage of the circumstances as they existed at the Indian reservation to commit the crime. Therefore, the court has departed upward imposing a sentence of 21 months incarceration.

Defendant is indigent and therefore defendant is not required to pay fine, cost of imprisonment or cost of supervision. The defendant is ordered to have no contact with the victim. The court recommends that defendant's place of confinement be the Federal Medical Center in Rochester.

---

1. The court recognizes that the *Fawbush* opinion allows departure due to defendants prior incidents involving other victims. In this case, the court has specifically not based its sentence on the alleged illegal acts by defendant with respect to other alleged victims. The sentence in this matter is based solely on defendant's conduct with regard to the seven year old victim.