978 F.2d 1264
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Lonnie Clayton FAWBUSH, Appellant.
 No. 92-1608.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 13, 1992.
Filed: November 9, 1992.
 
 1
 Before FAGG, Circuit Judge, LAY, Senior Circuit Judge, and Larson,* Senior District Judge.
 
 PER CURIAM
 
 2
 Lonnie Clayton Fawbush appeals from his third sentence, imposed after conviction for seven counts of aggravated sexual abuse. We find all of Fawbush's claims to be without merit and we affirm.
 
 I.
 
 3
 Fawbush was convicted of aggravated abuse of two young female victims after a jury trial.[1] After two appeals to this court, two jury trials, and three sentencings, this matter is before us once again. None of the issues raised in this last appeal requires extended discussion.
 
 
 4
 In the second opinion issued by this court, we addressed Fawbush's sentence of 241 months of imprisonment and remanded for resentencing, holding that: 1) upward departure from the sentencing guidelines for psychological injury to victims which was more serious than normal was not justified, 2) the sentencing guidelines adequately accounted for the ages of the victims and an upward departure based upon their youth was not justified, and 3) the repetitive nature of Fawbush's acts, specifically prior incidents with his two daughters, could be used as a basis for upward departure. We specifically stated four permissible reasons for upward departure which would support the vacated sentence and which the court could consider at resentencing: 1) Fawbush's abuse of his position of trust, 2) the repetitive nature of Fawbush's assaults upon the young girls, 3) the prior incidents involving Fawbush's abuse of his daughters, and 4) the likelihood that Fawbush will commit similar crimes in the future. United States v. Fawbush, 946 F.2d 584, 588 (8th Cir. 1991).
 
 
 5
 The district court[2] concisely followed our suggestion at the resentencing, citing each of the four permissible reasons for upward departure, and again sentenced Fawbush to 241 months of imprisonment.
 
 II.
 
 6
 Fawbush argues that he did not have sufficient notice of "abuse of a position of trust" as a basis for upward departure. Notwithstanding the fact that this basis appeared in the presentence report (prepared for the second sentencing, but unchanged for the third sentencing), was discussed at the second sentencing hearing, and was recited as a basis for the sentence imposed, it also appeared in this court's published opinion as a permissible reason for upward departure. There is little better notice which could be provided to any defendant of the grounds which he may have to confront at his sentencing.
 
 
 7
 Fawbush next raises arguments regarding the district court's consideration of prior criminal conduct, the likelihood of recidivism, and the repetitive nature of the instant sexual assaults. In essence, Fawbush claims that he requires more specific instruction from this court and assigns error to the court's application of these factors. As noted above, the district court conscientiously followed the opinion of this court; we find Fawbush's arguments on these matters to be repetitive and fallacious. Having reviewed the briefs and the record, and having entertained oral argument, we hold that the district court did not commit reversible error in its ruling on upward departure.
 
 III.
 
 8
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 9
 A true copy.
 
 Attest:
 
 10
 CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.
 
 
 
 *The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.
 
 
 [1]
 Further development of the facts is located at United States v. Fawbush, 900 F.2d 150 (8th Cir. 1990), and United States v. Fawbush, 946 F.2d 584 (8th Cir. 1991)
 
 
 [2]
 The Honorable Donald J. Porter, Senior United States District Judge for the District of South Dakota