5 F.3d 541
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES Of America, Plaintiff-Appellee,
v.
Calvin W. CARDEN, Defendant-Appellant.
 No. 92-30439.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 13, 1993.*
Decided Aug. 24, 1993.
 
 Appeal from the United States District Court for the Eastern District of Washington; No. CR-92-138-01-WFN, Wm. Fremming Nielsen, District Judge, Presiding.
 E.D.Wash.
 AFFIRMED.
 Before CANBY, WIGGINS and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 In May of 1992, a grand jury indicted Calvin Carden for two counts of aggravated sexual abuse, two counts of abusive sexual contact, and one count of sexual abuse of a minor. He pleaded guilty to two counts of abusive sexual contact in violation of 18 U.S.C. Secs. 2244(a)(1) & 2244(a)(3) and was sentenced to 24 months imprisonment. Carden appeals his sentence because he believes it represents an unwarranted upward departure from the Sentencing Guidelines.[1] We affirm.
 
 STANDARD OF REVIEW
 
 3
 A district court may depart upward from the sentencing range recommended by the Sentencing Guidelines only if the court identifies an aggravating circumstance " 'that was not adequately taken into consideration by the Sentencing Commission in formulating the guidelines.' " United States v. Streit, 962 F.2d 894, 901-02 (9th Cir.) (quoting 18 U.S.C. Sec. 3553(b)), cert. denied, 113 S.Ct. 431 (1992); United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). On appeal, we must determine whether the district court had legal authority to depart. This determination involves a two-part inquiry: (1) Did the district court identify an aggravating circumstance of a kind or to a degree the Sentencing Commission did not adequately take into account when formulating the Sentencing Guidelines? (2) Is departure on the basis of the identified aggravating circumstance consistent with the sentencing factors prescribed by Congress in 18 U.S.C. Sec. 3553(a), with the Guidelines, and with the Constitution? Lira-Barraza, 941 F.2d at 746. Both inquiries present questions of law that we review de novo. Id. We review for clear error the factual findings supporting the existence of the identified circumstance. Id. (citing 18 U.S.C. Sec. 3742(d)). Finally, we must determine whether the departure was reasonable. Id. at 747; Streit, 962 F.2d at 902.
 
 DISCUSSION
 
 4
 Carden contends that the district court failed to identify an aggravating circumstance that the Sentencing Commission did not take into account adequately. We disagree. The district court departed upward from the sentencing range under the Guidelines because the applicable version of the Guidelines failed adequately to account for the age of the victim and because the abusive sexual contact occurred regularly over the course of five years. Carden argues that these factors were already taken into account by the provisions of Secs. 3A1.1 & 3D1.2. We disagree.
 
 
 5
 The 1988 Guidelines, which applied to Count III of the indictment against Carden, assigned the base offense level for abusive sexual contact without regard to the age of the victim. Subsequently, Sec. 2A3.4 was amended to require an increase of four to six levels if the victim was under twelve years of age.[2] Noting this fact, the district court concluded that the 1988 Guidelines failed adequately to take into account the age of the victim. The court stated:
 
 
 6
 [For] the conduct involving an 8 or 9 year old girl[, there] is a much less severe penalty or punishment than in 1992 when she is a 14 year old, and that doesn't seem right. That seems upside down to the Court.
 
 
 7
 The Court does believe that the circumstances that I outlined a minute ago [age of the victim and the frequency and duration of the abuse] were not taken into account by the sentencing commission in 1988.
 
 
 8
 The Eighth Circuit has indicated that the age of the victim "is an adequate, sufficiently unusual circumstance to justify upward departure" under the 1988 Guidelines. Morin, 935 F.2d at 145. We agree.
 
 
 9
 Moreover, we conclude that the length and frequency of the abuse also justified departing upward from the Sentencing Guidelines. Carden maintains that the length and frequency of the abuse have already been accounted for under the provisions of Sec. 3.D1.2, governing sentencing on multiple counts. We disagree. The grouping provisions accounted only for the conduct to which Carden pleaded guilty. The district court, however, found that Carden molested the victim in this case repeatedly from the time she was 8 or 9 until she was about 14. The court felt that the grouping provisions and other provisions of the Guidelines failed adequately to consider the duration and frequency of the abuse in this case. We agree. See United States v. Zamarripa, 905 F.2d 337, 341-42 (10th Cir.1990) (rejected by this court on other grounds but indicating that "an upward departure may be supportable on the basis of ... multiple sexual contacts with same victim").
 
 
 10
 At first glance, Castro-Cervantes, 927 F.2d 1079 (9th Cir.1990), and its progeny appear to support Carden's argument that the district court should not have considered dismissed counts or uncharged conduct as a basis for departing from the Guidelines. While Carden did not cite Castro-Cervantes to this court, we distinguish it, nonetheless, to dispel any suggestion that we ignored it.
 
 
 11
 In Castro-Cervantes, the defendant was indicted on seven counts of unarmed bank robbery. He pleaded guilty to two counts and agreed to accept responsibility for two uncharged bank robberies in exchange for the government's promise to drop the other five counts and not to indict him for the uncharged robberies. Under the Guidelines, Castro-Cervantes's sentencing range was 30-37 months. Ultimately, the district court departed upward from the sentencing range imposing a sentence of 60 months. The court identified the number of robberies committed by Castro-Cervantes as partial " 'justification for the departure.' " Id. at 1081. This court reversed, concluding that it was inappropriate for the district court to accept a plea bargain and later depart upward on the basis of charges dismissed under the terms of the plea agreement. Id. at 1082; see also United States v. Faulkner, 952 F.2d 1066 (9th Cir.1991) (presenting facts nearly identical to Castro-Cervantes). The court stated: "for the court to let the defendant plead to certain charges and then be penalized on charges that have, by agreement, been dismissed is not only unfair, it violates the spirit if not the letter of the bargain."
 
 
 12
 Castro-Cervantes is clearly the law in this circuit. However, the district court's departure in this case does not run afoul of its mandate. Here, there is nothing in the record to suggest that the district court based the departure in any way on the counts dismissed by the plea agreement. Moreover, Carden's sentence does not violate the letter or the spirit of his plea bargain. Indeed, the plea bargain states that the parties contemplated an adjusted offense level of 17 and a sentencing range of 24 to 30 months. The only reason that the actual sentencing range was 10 to 16 months was because the conduct in Count III was subject to the 1988 version of the Guidelines and not the 1992 version. Perhaps of even greater import, unlike the plea agreements in Castro-Cervantes and Faulkner, Carden's plea agreement contains no promise not to prosecute for unindicted conduct and does not indicate that uncharged conduct would not be considered in arriving at a sentence. Cf. United States v. Scarano, 975 F.2d 580, 583-84 (9th Cir.1992). Indeed, Carden's plea agreement expressly recognizes the district court's authority to depart upward from the Guidelines.
 
 
 13
 Thus, we conclude that the district court identified aggravating circumstances that the sentencing commission did not adequately take into account in formulating the 1988 Sentencing Guidelines. We also conclude that these aggravating circumstances--the age of the victim and the frequency and duration of the abuse--are consistent with the sentencing factors prescribed by Congress. See 18 U.S.C. Sec. 3553(a); Lira-Barraza, 941 F.2d at 746.
 
 
 14
 In addition, we find adequate factual findings to support the existence of the identified circumstances. Indeed, Carden does not contest the adequacy of the district court's factual findings establishing the existence of the aggravating circumstances.
 
 
 15
 The only inquiry remaining is whether the departure was reasonable. "Reversal is required only if the [sentence] is 'unreasonable' in light of the standards and policies incorporated in the Act and the Guidelines." Lira-Barraza, 941 F.2d at 751. The district court supported the reasonableness of its departure by pointing to the fact that under the current version of the Guidelines the sentence of 24 months would be at the low end of the sentencing range for the conduct in Count III. The court indicated that it had used the 1991 Guidelines as a measuring stick for determining the reasonableness of its departure and indicated that it was not applying the Guidelines retroactively. Accordingly, we have no quarrel with the court's actions, see Lira-Barraza, 941 F.2d at 749 (indicating that the reasonableness of a departure should be determined with reference to identified standards); Morin, 935 F.2d at 145; cf. Streit, 962 F.2d 904-07, and we conclude that the district court's departure was not unreasonable.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The sentence for Count III was determined under the 1988 version of the Sentencing Guidelines. Under the 1988 Guidelines, abusive sexual contact with a nine-year-old carried a base offense level of six. A two-point adjustment under 3A1.1 for a vulnerable victim resulted in an offense level of 8 for Count III. Count V involved the same conduct as Count III, but resulted in a base offense level of 10 because the 1991 version of the Sentencing Guidelines applied to Count V. (His base offense level for Count III would have been 16 under the 1991 Guidelines). There was a two level adjustment for a vulnerable victim together with adjustments under parts D & E of Chapter 3, resulting in an adjusted offense level of 12 and a sentencing range of 10-16 months. (If the 1991 Guidelines were applied to Count III, Carden's adjusted offense level would be 17 and the sentencing range would be 24 to 30 months)
 
 
 [2]
 Carden contends that the district court applied the amendments retroactively in arriving at the 24 month sentence. However, the district judge clearly stated that he was not applying a subsequent version of the Guidelines to Carden's 1988 criminal conduct. The district court merely pointed to the amendments as evidence that earlier versions of the Guidelines failed adequately to take into account the age of the victim. We find the court's reference to the subsequent versions of the Guidelines unobjectionable and summarily dismiss Carden's contention that the court applied the amendments retroactively in violation of the Constitution's prohibition of ex post facto laws. See United States v. Morin, 935 F.2d 143 (8th Cir.1991)