IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-60508

Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP DEAN FLEMING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(3:94-CR-110)

_____

July 22, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Phillip Dean Fleming appeals from the judgment of the district court sentencing him to 465 months imprisonment. Fleming pled guilty to a three-count indictment charging him with knowingly kidnapping and holding in interstate commerce for sexual exploitation a 8-year-old girl in violation of 18 U.S.C. § 1201; 2) using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1); and, 3) knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C.

_____

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

§ 922(g)(1). Over Fleming's objection, the district court applied the two-level sentencing enhancement from U.S.S.G. § 2A3.1(b)(4)(B) for where the victim sustained a "serious bodily injury."

On appeal, Fleming argues that the district court's finding that the girl sustained a serious bodily injury--psychological trauma--is clearly erroneous. According to Fleming, the district court improperly based its finding on the Pre-Sentence Report's description of interviews with the girl conducted by FBI Special Agent Margaret Carmichael and Department of Human Services worker June Chandler. Relying on United States v. Fawbush, 946 F.2d 584 (8th Cir. 1991), Fleming contends that Carmichael's and Chandler's opinions regarding the girl's psychological well-being are insufficient to support the district court's finding without a corroborating opinion by a qualified psychologist or psychiatrist. We disagree.

United States v. Anderson, 5 F.3d 795, 804-05 (5th Cir. 1993), cert. denied, 114 S.Ct. 1118 (1994), disposes of Fleming's argument. In that case, the defendant claimed that the victim's own statement of her condition was insufficient to justify the district court's finding of extreme psychological trauma for purposes of an upward departure under U.S.S.G. § 5K2.3. Like Fleming, the defendant relied upon Fawbush to claim that the government's failure to produce testimony from a counselor or psychologist barred the upward departure. We disagreed, holding that the victim's own description of her psychological well-being sufficed. We explained:

2

In our case, however, unlike either <u>Fawbush</u> or <u>Lara</u>, the district court had before it a detailed letter from the victim describing the events in question and their significant effects on her life. This letter demonstrates substantial changes in [the victim's] psychological and behavioral functioning. None of this was rebutted. While some testimony by a counselor or other expert in psychology would certainly be of value in determining this issue, such evidence is not always a prerequisite for a section 5K2.3, p.s. departure.

<u>Id.</u> at 805 (citation omitted). <u>A fortiori</u>, the district court need not rely on expert testimony in order to apply § 2A3.1(b)(4)(B), which only requires evidence of a "serious bodily injury" and not "extreme" psychological injury.

We are persuaded that the record supports the district court's finding that the girl suffered a serious bodily injury. Both Carmichael and Chandler concluded that the girl sustained and continues to suffer severe psychological after-effects as a result of her ordeal. The gruesome facts of this heinous crime confirm their conclusions. No expert testimony is necessary to corroborate the obvious: that a 8-year-old girl abducted from her school, transported hundreds of miles away, and forced to perform sexual acts upon the defendant would suffer serious psychological injury.

AFFIRMED.