# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 04-1129

—————

United States of America,　　　　*
　　　　　　　　　　　　　　　*
　　　　　Appellee,　　　　　　*
　　　　　　　　　　　　　　　*　Appeal from the United States
　　v.　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　*　Eastern District of Arkansas.
Jeffrey Bruce Cramer,　　　　　　*
　　　　　　　　　　　　　　　*
　　　　　Appellant.　　　　　　*

—————

Submitted: September 14, 2004
Filed: July 21, 2005

—————

Before RILEY, LAY, and SMITH, Circuit Judges.

—————

SMITH, Circuit Judge.

Jeffrey Bruce Cramer pleaded guilty to transporting a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). In his plea agreement, Cramer stipulated to the application of United States Sentencing Guidelines ("U.S.S.G.") § 4B1.5(a) as a repeat and dangerous sex offender against minors. Over Cramer's objection, the government sought and received an upward departure under U.S.S.G. § 4A1.3 because Cramer's criminal history was substantially

underrepresented. Cramer contends that no reliable grounds existed to support the district court's[1] upward departure. We find no error and affirm.

## I. *Background*

On March 20, 2002, police arrested Cramer, a truck driver, in West Memphis, Arkansas. Police found him with a sixteen-year-old runaway girl who had been missing from Arizona since May 2000. The minor had been traveling with Cramer in his tractor-trailer truck for nearly two years. The officers searched Cramer's truck and found Polaroid photographs of the girl stashed in a first-aid kit. Many of the photographs depicted the girl engaging in sexually explicit activities with Cramer. In addition, some of the pictures depicted the teenage girl performing explicit sexual acts upon herself with various inanimate objects. Those objects were also found in Cramer's truck along with several magazines containing pornographic images of minors.

Cramer was indicted by a grand jury sitting in the Eastern District of Arkansas on four charges: (1) transporting a minor for the purpose of producing child pornography; (2) transporting a minor with the intent to engage in sexually explicit conduct;[2] (3) transporting child pornography; and (4) possessing child pornography. Cramer pleaded guilty to the second charge and the government dismissed the remaining three.

In the plea agreement, Cramer stipulated that he should be sentenced as a repeat child sex offender under U.S.S.G. § 4B1.5. Cramer also reserved the right to seek a downward departure. However, the government reserved the right to seek an upward departure under U.S.S.G. § 4A1.3. Cramer's presentence report (PSR) stated

---

[1]The Honorable William R. Wilson Jr., United States District Judge for the Eastern District of Arkansas.

[2]18 U.S.C. § 2423(a).

that his criminal history category substantially underrepresented the seriousness of his criminal history or his likelihood to recidivate thus making him eligible for an upward departure based on U.S.S.G. § 4A1.3. Cramer objected to the statement in the PSR that he had failed to complete a state-court-ordered sex-offender program and to its conclusion that he had a likelihood to recidivate.

At Cramer's sentencing hearing, the government called the probation officer who prepared the PSR and the officer who investigated the case to testify in defense of the PSR and in support of the government's upward departure motion. The district court overruled Cramer's objections to the PSR. Cramer also objected to the application of U.S.S.G. § 4A1.3, arguing that the § 4B1.5(a) enhancement to his offense level had already taken into consideration his likelihood to recidivate. At the conclusion of the hearing, the district court granted the government's motion for an upward departure. Applying U.S.S.G. § 4B1.5(a), the district court raised Cramer's criminal history category to a level V and set a guidelines sentencing range of 168 to 210 months. The district court then applied U.S.S.G. § 4A1.3 and made an upward departure, sentencing Cramer to 235 months' imprisonment along with five years' supervised release.

On appeal, Cramer makes two arguments against the district court's upward departure for inadequacy of criminal history category under U.S.S.G. § 4A1.3. First, he contends that the upward departure unfairly double counts when an enhancement based on § 4B1.5(a) has already been imposed. Second, he argues that there is insufficient evidence to support the district court's upward departure.

## II. *Discussion*
### A. *Booker Error*

Prior to oral argument, Cramer filed a letter pursuant to Fed. R. App. P. 28(j) arguing that his Sixth Amendment rights were violated under authority of the United States Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004).

The reasoning in *Blakely* was extended to the Federal Sentencing Guidelines. *See United States v. Booker*, 125 S. Ct. 738 (2005) (Stevens, J.). Cramer, however, failed to make a Sixth Amendment argument to the district court. As such, we will review his *Booker* claim for plain error. *See United States v. Pirani*, 406 F.3d 543, 550–51 (8th Cir. 2005) (en banc).

To establish plain error, Cramer must show that (1) there was an error; (2) the error was plain; and (3) that the error affected substantial rights. *Johnson v. United States*, 520 U.S. 461, 466–67, 117 S. Ct. 1544, 137 L.Ed.2d 718 (1997). Even when all three conditions are met, relief is discretionary with an appellate court and will be exercised only when "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotations omitted). In *Pirani*, we held that a *Booker* error is plain. *Pirani*, 406 F.3d at 552–53. However, we explained that the error only "affects substantial rights" if there is a reasonable probability that but for the error the defendant would have received a more favorable sentence. *Id*. Nothing in the record indicates that the district court would have imposed a more favorable sentence under an advisory system, and, thus, Cramer cannot show that the *Booker* error affected his substantial rights. *Pirani*, 406 F.3d at 547.[3]

B. *Duplication of Sentencing Enhancements*

Cramer argues that the district court erred in departing upward based upon an understatement of his criminal history when the district court had already elevated his

_____

[3]We note that Cramer's additional belated argument based on *Shepard v. United States*, 125 S. Ct. 1254 (2005), likewise fails under the plain error standard of review. *See United States v. Johnson*, 408 F.3d 535, 540 (8th Cir. 2005) ("The Supreme Court has never overruled its decision in *Almendarez-Torres*, and *Shepard* did not alter the rule that a court may consider prior criminal history as a sentencing factor.").

criminal history based upon his prior conviction for a sex offense. We review the district court's interpretation of the Sentencing Guidelines de novo. *United States v. Clawson*, 408 F.3d 556, 558 (8th Cir. 2005). The pertinent sections of the United States Sentencing Guidelines provide:

> § 4B1.5. <u>Repeat and Dangerous Sex Offender Against Minors</u>
>> (a) In any case in which the defendant's instant offense of conviction is a covered sex crime, § 4B1.1 (Career Offender) does not apply, and the defendant committed the instant offense of conviction subsequent to sustaining at least one sex offense conviction:
>>
>>> (1) The offense level shall be the greater of:
>>
>> * * * *
>
> § 4A1.3. <u>Departures Based on Inadequacy of Criminal History Category</u> (Policy Statement)
>> (a) Upward Departures.–
>>
>>> (1) Standard for Upward Departure.–If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an upward departure may be warranted.
>>>
>>> (2) Types of Information Forming the Basis for Upward Departure.–The information described in subsection (a) may include information concerning the following:
>>>
>>>> (A) Prior sentence(s) not used in computing the criminal history category (e.g., sentences for foreign and tribal offenses).

(B) Prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions.

(C) Prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order.

(D) Whether the defendant was pending trial or sentencing on another charge at the time of the instant offense.

(E) Prior similar adult criminal conduct not resulting in a criminal conviction.

U.S.S.G. §§ 4B1.5(a), 4A1.3.

According to the commentary, § 4A1.3 authorizes "the consideration of a departure from the Guidelines in the limited circumstances where reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's criminal history or likelihood of recidivism." U.S.S.G. § 4A1.3, cmt. background. Cramer points to *United States v. Fawbush*, 946 F.2d 584 (8th Cir. 1991) to support his argument that an upward departure is invalid if it is based on a factor already considered in increasing a defendant's offense level and punishment. *Fawbush* is distinguishable.

In *Fawbush*, we held that a district court erred in making an upward departure from the Guidelines based on the victim's age when the relevant provision of the Guidelines had already accounted for victims of young age. The initial guideline considered by the trial court specifically increased Fawbush's offense level four steps based on the age of the victim. *Id.* at 585 (citing U.S.S.G. § 2A3.1(b)(2)(A)). In this case, however, § 4B1.5(a) does not specifically consider the likelihood of recidivism

or consider conduct that did not result in a conviction. Indeed, § 4B1.5(a) prohibits consideration of conduct that did not result in a conviction.

After holding that the trial court erred in departing upward based on the victim's age, we held that the trial court properly considered prior conduct that escaped conviction. *Fawbush*, 946 F.2d at 587. We explained that "[t]he guidelines expressly permit upward departures where 'prior similar adult criminal conduct not resulting in a criminal conviction' exists." *Id.* (quoting U.S.S.G. § 4A1.3(e) (1991)). Fawbush sought reversal of the district court's upward departure, arguing that the court erred in relying on the repetitive nature of his conduct. He contended his prior conduct should have only been used to calculate his criminal history. We rejected Fawbush's argument, and held that conduct that escapes conviction cannot be used to calculate a defendant's criminal history score. *Id.* (citing U.S.S.G. § 4A1.2). Pointedly stated, conduct which escapes conviction cannot be used to calculate criminal history, but can be used to make an upward departure under § 4A1.3.

In the instant case, application of U.S.S.G. § 4B1.5(a) and U.S.S.G. § 4A1.3 do not double count. Section 4B1.5(a) requires that the defendant have at least one prior sex-offense conviction. In contrast, § 4A1.3 takes into account evidence of prior sex-offense conduct that did not result in a sex-offense conviction.

Cramer's prior sexual offense conviction was for raping a fifteen year old girl in Oregon. This offense was used to compute his criminal history category. In making the upward departure under § 4A1.3, the district court considered several factors other than the Oregon conviction. In the seven years following that conviction, Cramer engaged in sex-offense conduct that did not result in a conviction. Specifically, Cramer violated his probation conditions by continuing to have contact with minors and particularly minor females. Several times Cramer failed to comply with his sex-offender treatment program. Notes from the treatment sessions he did attend revealed that Cramer watched ten XXX-rated movies in adult bookstores.

Moreover, his probation officer seized more than $300 in sexually explicit pornography. Additionally, Cramer admitted to dreaming about touching the genitals of minor-teenage girls. He possessed sexually explicit photographs of the victim in this case along with magazines showing sexually explicit photographs of teenage girls. These facts were not considered when calculating Cramer's criminal history category and therefore can be used to establish a basis, independent of § 4B1.5(a), to make an upward departure.

Cramer also directs the court to the commentary accompanying § 4B1.5. The commentary states:

> The guideline is intended to provide lengthy incarceration for offenders who commit sex offenses against minors *and who present a continuing danger to the public*. It applies to offenders whose instant offense of conviction is a sex offense committed against a minor victim. The relevant criminal provisions provide for increased statutory maximum penalties for repeat sex offenders and make those increased statutory maximum penalties available if the defendant previously was convicted of any of several federal and state sex offenses (*see* 18 U.S.C. §§ 2247, 2426). In addition, section 632 of Public Law 102–141 and section 505 of Public Law 105–314 directed the Commission to *ensure lengthy incarceration for offenders who engage in a pattern of activity involving the sexual abuse or exploitation of minors*. Section 401(i)(1)(A) of Public Law 108–21 directly amended Application Note 4(b)(i), effective April 30, 2003.

U.S.S.G. § 4B1.5, cmt. background (emphasis added). The commentary indicates that § 4B1.5 was intended to address, in some degree, the recidivism often associated with sexual abuse. This comment notwithstanding, Cramer's exact argument has been rejected, "[i]nclusion of a factor in the Guidelines calculation does not proscribe departure based on consideration of the factor." *United States v. Searcy*, 299 F. Supp. 2d 1285, 1291 (S.D. Fla. 2003) (citing *United States v. Melvin*, 187 F.3d 1316, 1322 (11th Cir. 1999) (quoting *Koon v. United States*, 518 U.S. 81, 96, 116 S. Ct. 2035,

135 L.Ed.2d 392 (1996))). Whatever overlap between § 4B1.5(a) and § 4A1.3 exists, it is insufficient to bar their simultaneous application in this case. As such, the district court did not err in applying § 4A1.3 after Cramer stipulated to the application of § 4B1.5(a).

## C. *Sufficiency of Credible Evidence to Depart*

Finally, Cramer contends that the government failed to produce sufficient facts to justify an upward departure based on U.S.S.G. § 4A1.3. We will not overturn factual determinations unless such findings are clearly erroneous. *United States v. Mashek*, 406 F.3d 1012 (8th Cir.2005). We review the sentence imposed for unreasonableness, judging it with regard to the factors in 18 U.S.C. § 3553(a). *United States v. Booker*, 125 S. Ct. 738 (2005) (Breyer, J.).[4]

Cramer objected to paragraphs 36 and 37 of the PSR that referenced notes made by his prior sexual-treatment doctors. Nonetheless, in his objection, Cramer acknowledged that some of the evidence was relevant and requested that paragraphs 36 and 37 be reduced to stating "that he failed sexual offender treatment and that the doctor believed he was at a high risk to recidivate." Cramer did not object, however, to paragraph 25 of the PSR, which reflects Cramer's multiple violations of probation and parole for failing to attend sex-offender treatment and for continuing to have contact with minors–both male and female.

---

[4]Prior to the United States Supreme Court's ruling in *Booker*, we reviewed the imposition of an upward departure for an abuse of discretion under the PROTECT Act of 2003. *United States v. Long Turkey*, 342 F.3d 856, 859 (8th Cir. 2003). The Supreme Court has directed circuit courts to apply its holdings in *Booker* to all cases on direct review. *United States v. Booker*, 125 S. Ct. 738 (2005) (Breyer, J.) (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)). While we review Cramer's Sixth Amendment argument for plain error, we recognize that we are still obliged to apply the appropriate standard of review on appeal.

When a defendant fails to make an objection to "specific factual allegations contained in the PSR, a district court may accept the facts as true for purposes of sentencing." *United States v. Bougie*, 279 F.3d 648, 650 (8th Cir. 2002). Cramer did not contest that he violated probation and parole by failing to attend sex-offender treatment and continuing to have contact with male and female minors. He continually viewed pornographic materials and kept photographs of the victim in this case stashed away in his truck. Cramer also admitted to dreaming about touching the genitals of minor-teenage girls. In addition, he conceded that his doctors considered him to be at a high risk to recidivate. These facts support the district court's finding that Cramer's prior criminal record of a single child sex offense substantially underrepresented his criminal history and likelihood to recidivate. Therefore, we conclude that there is sufficient evidence to support an upward departure under U.S.S.G. § 4A1.3.

For the foregoing reasons, we conclude Cramer's sentence is reasonable and affirm.

_____