# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1257

_____

United States of America,                    *
                                             *
                Plaintiff-Appellee,          *
                                             *    Appeal from the United States
        v.                                   *    District Court for the
                                             *    District of South Dakota.
Lonnie Youngbear, also known as              *
Alex Little Bear,                            *         [UNPUBLISHED]
                                             *
                Defendant-Appellant.         *

_____

Submitted: June 13, 2006
Filed: June 21, 2006

_____

Before BYE, LAY, and RILEY, Circuit Judges.

_____

PER CURIAM.

Lonnie Youngbear, aka Alex Little Bear, pled guilty to sexual abuse of a minor in violation of 18 U.S.C. § 2242(2). Although the presentence report recommended an applicable guideline sentencing range of 151 to 188 months' imprisonment, the district court[1] sentenced Youngbear to a term of 220 months' imprisonment. Youngbear appeals, arguing the sentence is unreasonable. We affirm.

_____

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

Youngbear was originally charged with four counts of sexual contact with three different children, in violation of 18 U.S.C. §§ 2244(a)(1), (2) and 2241(c), and one count of sexual abuse of a minor who was incapable of consenting, in violation of 18 U.S.C. § 2242(2). Pursuant to a plea agreement, Youngbear pled guilty to one count of sexual abuse of a minor incapable of consenting and the government dismissed the remaining counts. In arriving at a recommended sentencing range of 151 to 188 months under the advisory federal sentencing guidelines, the United States Probation Office calculated a total offense level of 29 and a criminal history category of VI.

The district court ultimately sentenced Youngbear to 220 months' incarceration. The court characterized Youngbear's criminal history as "terrible" and "very disturbing." Youngbear has been convicted of a broad range of offenses during his adult life, including third degree theft (two separate times), second degree theft (two separate times), assault causing injury, three counts of burglary, felony escape, driving while intoxicated, simple assault, and felony failure to appear. Not all of these offenses were included in the calculation of Youngbear's criminal history category. Youngbear also had his probation or parole revoked on numerous occasions and committed offenses while on probation or parole. In discussing Youngbear's criminal history, the court noted, "Every time he's gone into custody, he has come out of custody and has immediately started engaging in other illegal conduct." In addition, the district court looked at the dismissed charges alleging sexual abuse of other children and was "disturbed about whether or not [Youngbear is] a chronic pedophile." The court noted it was "authorized to take into account dismissed charges in deciding what sentence to impose here."

After noting that it was required to take into account the advisory guidelines and the sentencing factors set forth in 18 U.S.C. § 3553, the district court concluded that Youngbear's criminal history category was not adequate because it did not take into account the likelihood that he would commit other crimes. In its written statement of reasons for the sentence, the district court explained:

The Court departed upward in this case pursuant to USSG §4A1.3, Inadequacy of Criminal History. The Court determined the likelihood the defendant will commit other crimes was high, as every time he was released from custody in the past, he committed crimes. There were several criminal convictions which were not taken into account when the defendant's criminal history category was figured. Although, the defendant's criminal history category was a level VI, the Court moved incrementally down the sentencing table to level 31 in criminal history category VI when he fashioned the sentence for this case. The Court also took into account dismissed charges of sexual abuse of children. The defendant is very dangerous, especially to children.

Youngbear argues the district court's upward departure from the guidelines was unreasonable and that the district court failed to comply with 18 U.S.C. § 3553(a). We review a decision to depart upward under the advisory guidelines for an abuse of discretion. *United States v. Mashek*, 406 F.3d 1012, 1017 (8th Cir. 2005). The resulting sentence is reviewed for reasonableness. *United States v. Booker*, 543 U.S. 220, 264 (2005).

The district court determined the applicable guideline range and considered several appropriate factors in arriving at its conclusion that an upward departure was warranted under U.S. Sentencing Guidelines § 4A1.3. "Our cases recognize that even when a defendant scores sufficient criminal history points to place him in category VI, the district court may depart upward on the ground that even the highest category seriously under-represents the seriousness of the defendant's criminal history." *United States v. Shannon*, 414 F.3d 921, 923 (8th Cir. 2005). Youngbear had several prior convictions that were not used to calculate his criminal history. Moreover, the district court noted Youngbear committed crimes "every time he was released from custody." *See United States v. Schwalk*, 412 F.3d 929, 933 (8th Cir. 2005) ("[E]ven offenses which are minor and dissimilar to the instant crime may serve as evidence of likelihood of recidivism if they evince the defendant's incorrigibility." (quotations and citations omitted)). In addition, although this is Youngbear's first conviction for

child sexual abuse, the allegations and dismissed charges that he sexually abused other children "indicate[] a likelihood of future sexual abuse not reflected in his criminal history category." *United States v. Mugan*, 441 F.3d 622, 633 (8th Cir. 2006); *see also United States v. Cramer*, 414 F.3d 983, 987 (8th Cir. 2005) (citing *United States v. Fawbush*, 946 F.2d 584, 587 (8th Cir. 1991)). In light of the aggravating circumstances present in this case, we conclude the district court did not abuse its discretion in determining an upward departure was warranted.

We also believe the ultimate sentence of 220 months' imprisonment is reasonable under § 3553(a) for the reasons discussed above. The record reflects the district court took into account the relevant § 3553(a) factors such as Youngbear's criminal history and the need to promote respect for the law, provide deterrence, and protect the public from further crimes. *See* 18 U.S.C. § 3553(a)(1), (2). In light of Youngbear's extensive criminal history and the dismissed child sexual abuse charges against him, we cannot conclude the sentence imposed by the district court was unreasonable.

For the above stated reasons, we affirm.

_____