15 F.3d 1090
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Larson CHATLIN, Jr., Defendant-Appellant.
 No. 93-10124.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 14, 1993.
Decided Jan. 4, 1994.
 
 Before: LAY,* HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larson Chatlin, Jr. appeals from the district court's sentence following his guilty plea to one count of sexual abuse of a minor under 18 U.S.C. Sec. 2243(a). We have jurisdiction under 28 U.S.C. Sec. 1291. We vacate the sentence and remand to the district court for resentencing.
 
 
 3
 Chatlin entered into a plea agreement with the government. He pleaded guilty to count one, sexual abuse of a minor, in violation of 18 U.S.C. Sec. 2243(c). In exchange for this plea, the government dismissed counts two through five. Chatlin stipulated that he committed the conduct in counts two and three and agreed the court could consider those counts in sentencing him. Chatlin did not admit that he committed the conduct in counts four and five but agreed that if the government proved that conduct, the district court could consider it in sentencing him. Counts four and five alleged sexual abuse of a minor, not aggravated sexual abuse, a crime Chatlin was not charged with committing. In fact, the government agreed not to charge Chatlin with aggravated sexual abuse, nor with abuse of his former male stepchildren.
 
 
 4
 At the sentencing hearing, the district court heard evidence of Chatlin's aggravated sexual abuse of his former stepdaughter and abuse of his former stepsons. Based on compelling testimony, the district court departed upward in sentencing Chatlin and sentenced him in accordance with the sentencing guideline for aggravated sexual abuse, U.S.S.G. Sec. 2A3.1. Chatlin argues this sentence deprived him of the benefit of the bargain he had made with the government in his plea agreement. We agree.
 
 
 5
 Contract principles govern a plea bargain, and both the defendant and the government must comply with its terms. United States v. Castro-Cervantes, 927 F.2d 1079, 1082 (9th Cir.1990); United States v. Keller, 902 F.2d 1391, 1393 (9th Cir.1990). The trial court is not a party to the plea bargain and may reject it, but if it chooses to accept the plea, the court too is bound by its terms. Castro-Cervantes, 927 F.2d at 1082.
 
 
 6
 Here, the court accepted the plea agreement. That agreement precludes the district court from considering evidence of aggravated sexual abuse or punishing Chatlin for such conduct. "[F]or the court to let the defendant plead to certain charges and then be penalized on charges that have, by agreement, been dismissed is not only unfair; it violates the spirit if not the letter of the bargain." Castro-Cervantes, 927 F.2d at 1082.
 
 
 7
 Because the sentence imposed on Chatlin violates the plea bargain he struck, we must vacate the sentence and remand to the district court for resentencing. When resentencing, the district court may consider only the conduct alleged in counts two through five, sexual abuse of a minor, and may not consider conduct that would constitute aggravated sexual abuse.
 
 
 8
 The sentence of the district court is VACATED and this cause is REMANDED to the district court.
 
 
 
 *
 Hon. Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3