70 F.3d 1280
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald GORDON, Defendant-Appellant.
 No. 94-50155.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 20, 1995.*
Decided Nov. 24, 1995.
 
 Before: PREGERSON, NORRIS, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Gordon appeals pro se his conviction and sentence imposed following his guilty plea to making a false statement to a government agency, in violation of 18 U.S.C. Sec. 1001. Gordon contends that his guilty plea was not voluntary, that the government breached the plea agreement, that his sentence violates the plea agreement, and that his counsel was ineffective. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm in part and vacate and remand in part.
 
 
 3
 Gordon contends that his guilty plea was not voluntary because the district court gave him a longer sentence of probation than the one he was advised of at his plea hearing.
 
 
 4
 Pursuant to Fed.R.Crim.P. 11(c)(1), the district court must advise the defendant of the "maximum possible penalty provided by law, including the effect of any special parole or supervised release term" before accepting the defendants guilty plea. See United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993).
 
 
 5
 At the plea hearing, Gordon was informed that his offense carried a possible maximum penalty of five years imprisonment, and three years of supervised release. The district court sentenced Gordon to five years probation with a 30-day sentence of imprisonment as a condition of probation. Gordon's sentence falls within the maximum sentence of which he was advised. Accordingly, the district court complied with Rule 11. See id.[1]
 
 
 6
 Gordon contends the government breached the plea agreement because there was false information included in his presentence report. Because Gordon "failed to raise the breach of the plea agreement in district court, we will not consider his claims of breach for the first time on appeal." United States v. Robertson, 52 F.3d 789, 791 (9th Cir.1994).
 
 
 7
 Gordon contends that his trial counsel was ineffective because counsel (1) feared Judge Real and should have withdrawn as counsel, (2) failed to file a motion for recusal based on the fact that Judge Real presided over a civil case involving Gordon, and (3) should have withdrawn the plea agreement after finding out that Judge Real was the sentencing judge.
 
 
 8
 Because Gordon never challenged the adequacy of his counsel's assistance in the district court and his claim is based on facts outside the record, the record on appeal is insufficient to resolve the issue. Accordingly, we decline to address Gordon's ineffective assistance of counsel claim. See United States v. Sitton, 968 F.2d 947, 960 (9th Cir.1992) (holding that ineffective assistance claims ordinarily reviewed only in habeas corpus proceedings because claims usually cannot be resolved without development of facts outside the record), cert. denied, 114 S.Ct. 478 & 1306 (1993).
 
 
 9
 Gordon contends that his sentence of five years probation, and one-month imprisonment is too severe. The government contends that Gordon may not raise this issue because Gordon waived his right to appeal his sentence in the plea agreement. The government's contention lacks merit.
 
 
 10
 "[A] waiver of the right to appeal would not prevent an appeal where the sentence imposed is not in accordance with the negotiated agreement." United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir.1990), cert. denied, 503 U.S. 942 (1992). Here, the plea agreement reserved Gordon's right to appeal an upward departure from the applicable Sentencing Guidelines range. The Guidelines directed that Gordon's term of probation be no more than three years because his offense level was calculated at four. See U.S.S.G. Sec. 5B1.2(a)(2). The district court, however, imposed a statutory maximum term of five years probation under 18 U.S.C. 3561(b)(1). We conclude that Gordon reserved his right to appeal because the district court departed upward from the Guideline range in sentencing Gordon to a statutory five year term of probation.
 
 
 11
 Although Gordon reserved his right to appeal his sentence, we nevertheless are unable to review the merits of Gordon's claim because the district court failed to provide an explanation for its departure. In departing from the guideline range, "the court must explain why it departed and the extent of the departure, relating this 'to the structure, standards and policies' of the guidelines." United States v. Chatlin, 51 F.3d 869, 875 (9th Cir.1995) (quoting United States v. Lira-Barraza, 941 F.2d 745, 751 (9th Cir.1991) (en banc)). In reviewing a departure, we will consider only those reasons articulated by the district court and will not search the record looking for justifications. United States v. Carillo-Alvarez, 3 F.3d 316, 324 (9th Cir.1993).
 
 
 12
 Here, the district court neglected to articulate its reasons for why a departure from the guidelines was reasonable, and how the guidelines inadequately factored Gordon's circumstances. Accordingly, we vacate the sentence and remand for resentencing.
 
 
 13
 AFFIRMED in part, VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Gordon's contention that his plea was not voluntary because the government assured him that he would not be incarcerated is belied by the plea agreement itself which states that Gordon could be subject to 0-6 months imprisonment, and by the colloquy at the Rule 11 hearing