81 F.3d 170
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larson Foster CHATLIN, Jr., Defendant-Appellant.
 No. 95-10316.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 3, 1996.*
Decided April 3, 1996.
 
 Before: LAY,** HALL, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Larson Foster Chatlin, Jr. pleaded guilty to sexual abuse of a minor on an Indian reservation, a violation of 18 U.S.C. §§ 1153 and 2243(a). He appeals for the third time the sentence imposed under the United States Sentencing Guidelines (the guidelines). We vacated Chatlin's sentence in his first two appeals on the ground that the district court erred by considering or analogizing to aggravated sexual assault, a charge that had been dropped pursuant to Chatlin's plea agreement.
 
 
 3
 At Chatlin's third sentencing, the district court imposed the same sentence as the prior two times: 135 months, an upward departure of 102 months. Chatlin appeals on the grounds that the district court erred by implicitly considering aggravated sexual assault, and that it abused its discretion by the extent of its upward departure. Chatlin also requests that we remand the case to a new judge for resentencing. We reject Chatlin's arguments and affirm.
 
 
 4
 * AUTHORITY TO DEPART
 
 
 5
 As in his first two appeals, Chatlin argues the district court improperly considered the factors of force and violence when it departed upward 102 months, and thereby robbed him of the benefit of his plea bargain. Unlike the previous two hearings when sentence was imposed, at the third sentencing hearing the district court did not expressly rely on or analogize to aggravated sexual assault. Nevertheless, the court imposed the same sentence. Chatlin contends "[i]t defies belief that the district court could have cut those factors out of the sentencing equation, added no new factors, and arrived at the same result."
 
 
 6
 Chatlin thus invites us to engage in a subjective evaluation of what the district court must have implicitly considered. This we cannot do. When reviewing a sentence, we "consider the reasons for departure actually articulated by the sentencing court." United States v. Montenegro-Rojo, 908 F.2d 425, 427 (9th Cir.1990). At the third sentencing hearing, the district court did not articulate the force and violence elements of aggravated sexual assault as a reason for departure. We must conclude, therefore, that the district court did not consider aggravated sexual assault in sentencing Chatlin.
 
 II
 EXTENT OF THE DEPARTURE
 
 7
 We review the extent of the district court's departure for an abuse of discretion. United States v. Chatlin, 51 F.3d 869, 872 (9th Cir.1995). "[D]etermining the appropriate degree of departure is necessarily a discretionary judgment vested initially in the district court." United States v. Lira-Barraza, 941 F.2d 745, 750 (9th Cir.1991) (en banc).
 
 A. EXTREME CONDUCT
 
 8
 The guidelines provide for an upward departure for extreme conduct in certain circumstances:
 
 
 9
 If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct. Examples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation.
 
 
 10
 U.S.S.G. § 5K2.8. In the present case, the district court found that extreme conduct including sodomy and digital penetration warranted an upward departure. As we have previously held, Chatlin's conduct was so heinous and degrading that an upward departure for extreme conduct was warranted. Chatlin, 51 F.3d at 873.
 
 
 11
 Chatlin contends the court's four-level upward departure on the basis of extreme conduct is unreasonable and an abuse of discretion. We disagree.
 
 
 12
 District court upward departures of three to four levels for extreme conduct have been affirmed in somewhat similar cases. See United States v. Philip, 948 F.2d 241 (6th Cir.1991) (affirming three-level upward departure for extreme conduct where defendant beat his four-year-old son over a two-month period until during one beating the boy fell down the stairs and died), cert. denied, 504 U.S. 930 (1992); United States v. Ellis, 935 F.2d 385 (1st Cir.1991) (affirming upward departure of three levels for the combination of extreme conduct and extreme psychological injury where the defendant had inflicted repeated sexual abuse on his seven-year-old stepdaughter for about two years), cert. denied, 502 U.S. 869 (1991); United States v. Anderson, 5 F.3d 795 (5th Cir.1993) (affirming four-level upward departure for extreme conduct and psychological injury where defendants kidnapped a 29-year-old math professor, forcibly and repeatedly sodomized her, threatened to kill her, and forced her to perform fellatio, during an approximately 24-hour period), cert. denied, 114 S.Ct. 1118 (1994).
 
 
 13
 These cases illustrate acceptable upward departures, but shed no light on what is unacceptable. In light of the particularly degrading and heinous conduct in this case, we cannot conclude that the district court's four-level upward departure for extreme conduct was unreasonable or an abuse of discretion.
 
 B. EXTREME PSYCHOLOGICAL INJURY
 
 14
 The guidelines recognize extreme psychological injury as a reason for upward departure:
 
 
 15
 If a victim or victims suffered psychological injury much more serious than that normally resulting from commission of the offense, the court may increase the sentence above the authorized guideline range. The extent of the increase ordinarily should depend on the severity of the psychological injury and the extent to which the injury was intended or knowingly risked.
 
 
 16
 U.S.S.G. § 5K2.3.
 
 
 17
 The district court determined a four-level upward departure was warranted on the basis of extreme psychological harm. The court based this determination on the showing that Minor S sustained post traumatic stress disorder as a result of the abuse, and had to undergo intensive therapy two to three times a week. In addition, the court found Minor S continued to suffer nightmares and flashbacks.
 
 
 18
 In our prior opinion, we concluded extreme psychological injury was a legitimate ground for an upward departure. Chatlin, 51 F.3d at 875. We affirmed the factual findings made by the district court including how Minor S was held back in school because of the trauma she suffered and has "engaged in the practice of sleeping with her younger sister on top of her so that she could protect her younger sister from the defendant." Id. at 874.
 
 
 19
 In light of the extreme effects Chatlin's conduct had on Minor S, we conclude the district court's departure for extreme psychological injury was not unreasonable or an abuse of discretion.
 
 C. REPETITIVE CONDUCT
 
 20
 In our prior opinion we held that the defendant's repetitive acts of sexual abuse constituted a legitimate basis for an upward departure. Chatlin, 51 F.3d at 873 (citing United States v. Fawbush, 946 F.2d 584, 587 (8th Cir.1991); United States v. Claymore, 978 F.2d 421, 424-25 (8th Cir.1992); United States v. Zamarripa, 905 F.2d 337, 341 (10th Cir.1990)).
 
 
 21
 The district court found the exact number of times Chatlin sodomized Minor S was unascertainable from the record, but that it was reasonably in excess of 20 times, and thus warranted a criminal history category of VI. The government argues in support of the departure that if Chatlin had been convicted of twenty incidents with Minor S, he would have had, at a minimum, twenty criminal history points. For a defendant to be in criminal history category VI, the defendant must have 13 or more criminal history points.
 
 
 22
 Chatlin argues that the extent of the departure is significantly greater than in analogous cases. He relies on Claymore, Zamarripa, and Ellis. Chatlin's reliance is misplaced. In Claymore, the defendant had raped the victim six times. 978 F.2d at 422. Moreover, the appellate court did not indicate that a greater increase would have been an abuse of discretion. In Zamarripa, the appellate court expressly declined to comment on the appropriateness of the extent of the departure for repetitive conduct. 905 F.2d at 342. And in Ellis, the district court did not attempt to depart upward for repetitive conduct so there is no indication whether it would have been upheld. 935 F.2d 385.
 
 
 23
 Here, the evidence supported a finding that Minor S had been abused 2 to 3 times a week for over a year--over 100 times. The district court estimated 50 to 150 acts of sodomy, but was certain the evidence supported at least 20. The district court did not err in its upward departure for repetitive conduct.
 
 D. TOTAL DEPARTURES
 
 24
 Chatlin argues the district court triple-counted the same conduct to arrive at an upward departure of 102 months. We reject this argument. Each departure pertains to a separate and independent element. The extreme conduct departure considers Chatlin's conduct, i.e. that the sexual abuse was especially degrading and heinous. The extreme psychological injury departure considers the effect of this conduct on the victim. Finally, the repetitive conduct criminal history increase takes into account the defendant's criminal history.
 
 
 25
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3