131 F.3d 149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles BIGHEAD, Defendant-Appellant.
 No. 95-30157.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted March 4, 1996.
Filed Nov. 18, 1997.
 
 Appeal from the United States District Court for the Western District of Washington Robert J. Bryan, District Judge, Presiding.
 Before: FLETCHER, NOONAN, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles Bighead appeals his conviction and sentence. Bighead was convicted of one count of sexual abuse of a minor, in violation of 18 U.S.C. §§ 2243, 1153, and sentenced to a term of 36 months of confinement. We have jurisdiction, 28 U.S.C. § 1291, and affirm.[1]
 
 
 3
 * Bighead argues that the district court erred in admitting evidence of the 1982 shoving incident because it is not material, is too remote from the 1987 and 1989 offenses charged, and is unfairly prejudicial under Fed.R.Evid. 403(b). We disagree.
 
 
 4
 Evidence of "other wrongs" is admissible where (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) in cases in which knowledge and intent are at issue, the act is similar to the offense charged. United States v. Mayans, 17 F.3d 1174, 1181 (9th Cir.1994). The evidence must also be otherwise admissible under Fed.R.Evid. 403. United States v. Perkins, 937 F.2d 1397, 1401 (9th Cir.1991).
 
 
 5
 The 1982 incident established a material point, namely the victim's reason for fearing Bighead and her corresponding reason for delaying disclosure and enduring the alleged abuse. The incident tended to show that her failure to report the abuse, fight back, and the like wasn't due to the fact that the abuse never took place but rather was due to her fear of Bighead; accordingly, the evidence indirectly went to establishing Bighead's guilt.
 
 
 6
 Nor was the incident too remote. The remoteness inquiry is relaxed when the prior acts are part of a regular pattern of conduct and/or are linked to the charged conduct by a chain of similar conduct. United States v. Hinton, 31 F.3d 817, 823 (9th Cir.1994). Although the 1982 shoving incident is not identical to the 1987 and 1989 offenses charged, the victim also testified to repeated acts of physical and sexual violence throughout the course of her adolescence. Thus, the 5-year delay is not too remote in this context.
 
 
 7
 Nor is the evidence inadmissible under Fed.R.Evid. 403. The probative value was significant, for it established the victim's fear of Bighead, which in turn tended to show why she delayed reporting and why she permitted Bighead's continued abuse. It was not unduly prejudicial, even though it involved an assault by the victim's father, as the 1982 incident was mentioned only briefly. Id. at 823 (citing cases).
 
 
 8
 Finally, evidence of the shoving incident was admissible because it was inextricably intertwined with the offenses charged. See, e.g., United States v. McKoy, 771 F.2d 1207, 1214 (9th Cir.1985); United States v. Jones, 982 F.2d 380, 382 (9th Cir.1992). It established the background and context of violence surrounding the repeated acts of sexual abuse that occurred throughout the victim's childhood, and explained why the victim endured the continued abuse and delayed reporting.
 
 II
 
 9
 Bighead argues that the district court erred in granting a 3-level upward departure. Bighead contends that (1) he did not "abuse the public trust" under U.S.S.G. § 3B1.3 because he did not "use" his status as a police officer to commit the offense; (2) he did not use "physical restraint" under § 1B1.1 because any restraint was not "substantial," and psychological coercion is irrelevant; and (3) the circumstances were not "degrading or insulting" because Bighead did not pay for the sexual offense of which he was convicted, and other payments are irrelevant. We disagree.
 
 
 10
 The district court identified the following "aggravating circumstances": (1) the victim was not only under Bighead's care, she was his daughter, and therefore the crime involved incest; (2) Bighead engaged in other misconduct even if it did not amount to criminal conduct; (3) the conduct was "degrading and insulting" insofar as Bighead treated his daughter as a prostitute by giving her money for a sex act; (4) there was no consent, not only because the victim as a minor was not capable of consent but also because there was physical coercion and psychological coercion; and (5) Bighead was a tribal police officer, in a place of public trust, and his status cut off a possible source of assistance to the victim. The district court then referred to three guidelines that it believed supported a departure, §§ 5K2.8,[2] 3A1.3, 3B1.3.
 
 
 11
 We review the district court's departure for an abuse of discretion. United States v. Sablan, No. 94-10534, slip op. 6529, 6537 (citing United States v. Koon, 116 S.Ct. 2035, 2047-48 (1996) (9th Cir. June 5, 1997) (en banc)). Where "a district court sets out findings justifying the magnitude of its decision to depart and the extent of departure from the Guidelines, and that explanation cannot be said to be unreasonable, the sentence imposed must be affirmed." Id. at 6544.[3] Here, we cannot say the district court's explanation for its departure was unreasonable.
 
 
 12
 Although this case doesn't fit exactly within § 3B1.3, as the district court found, Bighead's status as a police officer did indirectly contribute to concealment of the April 1989 offense because it cut off an important avenue of assistance and detection. Likewise, relying on the "degrading" nature of the conduct was sound, as the district court found that Bighead treated the victim as a prostitute and engaged in oral sex with her without her consent. This is sufficiently "extreme" to warrant upwardly departing. United States v. Chatlin, 51 F.3d 869, 873 (9th Cir.1995). Similarly, analogizing to § 3A1.3 was not inapposite since the victim testified that she had been asleep when Bighead entered her room, he got on top of her and held her hands above her head, she struggled, and attempted to urinate onto Bighead. That the amount of physical force is subject to question does not make the upward departure inappropriate.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 We resolve Bighead's claim that Boychuk's testimony was inadmissible in a published opinion
 
 
 [2]
 The transcript actually says § 5K2.9, which is apparently a typographical error. That section deals with "criminal purpose" where the defendant committed an offense to facilitate or conceal another offense. The district court's discussion, however, refers to the "degrading" nature of the conduct to the victim, which is referenced in § 5K2.8, the preceding section
 
 
 [3]
 We note that at the time of Bighead's sentencing, the controlling authority was United States v. Lira-Barraza, 941 F.2d 745, 746, 751 (9th Cir.1991) (en banc). Our decision in Sablan, which overruled Lira-Barraza, does not preclude our review of the district court's analogies here, which were required under Lira-Barraza. As Sablan recognized, such findings are still useful even though they are no longer required. Sablan, slip op. at 6544-45 n. 10