**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Tony MIX, Defendant—Appellant.**

No. 02–10141.
D.C. No. CR–00–01163–PGR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 2003.

Decided Oct. 17, 2003.

988

Michael Thomas Morrissey, Esq., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

John Trebon, Esq., Trebon & Fine, P.C., Flagstaff, AZ, for Defendant–Appellant.

* The Honorable Donald C. Pogue, United States Court of International Trade Judge, sitting by designation.

Before KLEINFELD, WARDLAW, Circuit Judges, and POGUE, Judge.*

MEMORANDUM **

Tony Mix appeals his conviction and sentence on two counts of kidnaping, five counts of aggravated sexual abuse, and two counts of assault with a dangerous weapon.

■ 1. Mix challenges the admission of certain expert testimony by Dr. Ferraro, a sociologist who opined (without objection to her qualifications to testify) on the subject of domestic violence. In general, Dr. Ferraro's testimony regarding the dynamics of abusive relationships was properly admitted because it assisted the jury in understanding the evidence and provided context for Tohannie's testimony. *See, e.g., United States v. Rahm,* 993 F.2d 1405, 1411 (9th Cir.1993) (main criterion for admissibility is helpfulness to jury); *cf. Estelle v. McGuire,* 502 U.S. 62, 68–69, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *United States v. Peralta,* 941 F.2d 1003, 1009–10 (9th Cir.1991). The admission of Dr. Ferraro's specific testimony, over Mix's objection, however, that nothing in the record "indicate[d] to [her] that Mr. Mix was not aware of what he was doing on October 30th of 2000" violated Fed.R.Evid. 704(b)'s "necessary compulsion" test. *See United States v. Finley,* 301 F.3d 1000, 1015 (9th Cir.2002). Also, she plainly lacked any foundation for her opinion. Allowing her to call Mix inflammatory names was also in error. Nevertheless, we conclude that error was harmless, in view of Dr. Ferraro's concession that she was neither a trained

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

psychologist nor qualified to opine on Mix's mental state; the testimony of defense expert Dr. Walter; and the overwhelming evidence of Mix's guilt. *See United States v. Kristiansen,* 901 F.2d 1463, 1466–67 (8th Cir.1990).[1]

■ 2. Mix also challenges the admission of Dr. Almer's expert testimony on paranoia and borderline personality disorder. Mix did not object to this testimony, so we review for plain error. None of Dr. Almer's testimony went directly to Mix's mental state, however, so his testimony did not violate Rule 704(b). *See United States v. Brown,* 32 F.3d 236, 239 (7th Cir.1994). Therefore, we conclude that the admission of his testimony was not error, much less plain error.

■ 3. We reject Mix's contention that once error had been introduced by allowing Dr. Ferraro to testify to Mix's mental state, defense expert Dr. Walter should have been allowed to testify as to whether he thought Mix "understood right from wrong and the wrongfulness of his acts." A court need not allow a further violation of Rule 704(b) as a remedy for a prior violation and may instead "properly conclude that [such further violation] would be more prejudicial than helpful." *Kristiansen,* 901 F.2d at 1467. The district court did allow Dr. Walter to testify that a person experiencing a psychotic episode would be unable to appreciate the nature and quality of his acts. Thus, the district court did not abuse its discretion in disallowing Dr. Walter's proposed testimony as to Mix's mental state.

■ 4. Nor did the district court err in allowing the testimony of other women previously subject to Mix's physical abuse because this evidence was probative of Mix's state of mind and was not improper propensity evidence. Further, the district court gave an appropriate limiting instruction, cautioning the jury that evidence of prior acts of abuse could be considered "only as it bears on the defendant's motive, intent, preparation, plan, knowledge, identity, or absence of mistake and for no other purpose."

■ 5. The district court did not abuse its discretion in admitting Tohannie's hospital records. The records were properly authenticated. *See United States v. Ray,* 930 F.2d 1368, 1370 (9th Cir.1990). Further, Dr. Nordenholz, the emergency room physician who treated Tohannie immediately after the assault, had already testified about the medical information contained in the October 4, 2000 report. The remaining records were general medical records not relating to the specific instance of abuse. Thus, Mix was not prejudiced by the introduction of this cumulative and irrelevant evidence.

■ 6. Mix contends that he was denied his right to a public trial by the court's exclusion of witnesses following their testimony. This contention fails as a factual matter because the court did not exclude witnesses after they completed their testimony. The court did order Sherry Mix, Mix's sister, excluded from the courtroom during Tohannie's testimony. Although Sherry Mix had at one time been identified as a witness, she was not called to testify. The district court had a substantial reason for excluding Sherry

---

1. Even if the admission of this specific testimony were not harmless error, because Dr. Ferraro's statement was directed to Mix's state of mind solely on October 30, 2000, it would affect only Mix's conviction on counts one through eight; Mix's life sentence on count nine for kidnaping Tohannie on or about July 2, 2000 would still stand.

Mix during Tohannie's testimony based on the prior altercations between the two. Thus, the district court did not err in entering this narrowly tailored partial exclusion order. *See United States v. Sherlock*, 962 F.2d 1349, 1357–59 (9th Cir.1989).

7. The district court did not abuse its discretion by declining to instruct the jury on diminished capacity. Mix fails to point to any evidence elicited at trial that he was unable to form the specific intent necessary to commit the charged crimes, *see United States v. Washington*, 819 F.2d 221, 225 (9th Cir.1987), and thus the proposed instruction was unsupported by the evidence of record.

8. Although the prosecutor improperly vouched for the credibility of Dr. Almer once during his rebuttal closing, Mix failed to object. We find no plain error in view of the overwhelming evidence of Mix's guilt and the court's curative instructions to the jury. *See United States v. Parker*, 241 F.3d 1114, 1120 (9th Cir. 2001). Mix argues a second instance of improper vouching—the prosecutor's statement that "I don't think Dr. Almer danced around anything." This was not improper vouching, however, but was a fair response to defense counsel's statement that Dr. Almer had "tried to dance around" certain questions posed on cross-examination. *See United States v. McChristian*, 47 F.3d 1499, 1506 (9th Cir. 1995).

9. Cumulatively, the violation of Rule 704(b) and the one instance of improper prosecutorial vouching create no more prejudice than they do independently and, in view of the strength of the prosecution's case, are not sufficiently prejudicial to undermine the reliability of the verdict. *Cf. Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir.2002); *see also United States v. Nadler*, 698 F.2d 995, 1002 (9th Cir.1983).

10. The district court did not err in adjusting Mix's base offense level pursuant to U.S.S.G. § 2A3.1(b)(5) (abduction) because Mix forced his victim at knifepoint into a back room to continue the assault. *See United States v. Jordan*, 256 F.3d 922, 933 (9th Cir.2001); *see also United States v. Whooten*, 279 F.3d 58, 61 (1st Cir.2002). Nor did the court err in applying the vulnerable victim adjustment pursuant to U.S.S.G. § 3A1.1(b)(1) based on the undisputed statements in the PSR as to Tohannie's fearful and controlled state and its own observation of Tohannie's demeanor during trial. *See United States v. Archdale*, 229 F.3d 861, 869–70 (9th Cir.2000) (enhancement not clear error where district court had opportunity to evaluate vulnerability of victim firsthand during her testimony). Nor did the court err in departing upward for extreme psychological injury pursuant to U.S.S.G. § 5K2.3. *See United States v. Chatlin*, 51 F.3d 869, 875 (9th Cir.1995).

11. The court did err, however, in departing upward for uncharged conduct pursuant to U.S.S.G. § 5K2.21, which did not become effective until November 1, 2000, one day after Mix's last charged acts. *See United States v. Chea*, 231 F.3d 531, 539 (9th Cir.2000). Because we remand for resentencing, we need not reach Mix's argument that although the court was entitled to depart upward for extreme conduct pursuant to U.S.S.G. § 5K2.8, the amount of the court's departure was excessive.

AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.